**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rosalinda V. Batsford, | ) | No. CV-09-08079-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| SCA Tissue North America, LLC, | ) | |
| Defendant. | ) | |

Plaintiff Rosalinda Batsford brings this sex discrimination and retaliation action against defendant SCA Tissue North America, LLC. The court has before it defendant's motion to dismiss (doc. 19), plaintiff's response (doc. 29), and defendant's reply (doc. 30). We also have before us defendant's motion to consider its motion to dismiss timely (doc. 17) and its motion to withdraw the same (doc. 21).

As an initial matter, we grant defendant's motion to withdraw its motion to consider its motion to dismiss timely (doc. 21). Despite some confusion, defendant's motion to dismiss was timely filed.

**I.**

Plaintiff apparently worked for defendant as a human resources generalist and manager from 2005 until her termination. She alleges that she was denied a promotion and then terminated after reporting a regional manager's sexual harassment of a subordinate.

1  She also alleges that the promotion was denied and she was terminated because of her sex. It is undisputed that she filed an Equal Employment Opportunity Commission charge and that a right-to-sue letter was issued on January 28, 2009 and sent to an address in Flagstaff, Arizona. Plaintiff avers that she had since moved to Yuma, Arizona. She says that she gave her post office her forwarding address and she received the right-to-sue letter on February 6, 2009. On May 11, 2009, plaintiff filed this action alleging one count for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). Defendant now moves to dismiss on grounds of timeliness.

## II.

Under Title VII, an action must be filed within ninety days after receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This requirement constitutes a statute of limitations. Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992). The ninety-day period begins to run when delivery of a right-to-sue letter is attempted at the address of record with the EEOC and a claimant is responsible for notifying the EEOC of any change of address. See Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384-85 (9th Cir. 1997). There is no indication that plaintiff notified the EEOC of her change of address. Assuming that she did and the ninety-day period began to run on February 6, 2009 when she claims to have received the letter, she still filed this action late. Plaintiff contends that her action was timely filed because May 11, 2009 fell within ninety days of February 6, 2009. It did not. As defendant points out in its reply, it fell ninety-four days after February 6, 2009. Therefore, we conclude that this action was untimely filed.

Equitable tolling may be applied to the ninety-day statute of limitations but only sparingly and not for lack of due diligence. Id. at 384. Plaintiff does not request equitable tolling, nor is there anything in the record that suggests it would be appropriate. Accordingly, we grant defendant's motion to dismiss because this action is barred by the statute of limitations.

**IT IS THEREFORE ORDERED GRANTING** defendant's motion to withdraw its motion to consider its motion to dismiss timely (doc. 21). The clerk shall withdraw defendant's motion to consider its motion to dismiss timely (doc. 17).

**IT IS FURTHER ORDERED GRANTING** defendant's motion to dismiss with prejudice (doc. 19).

DATED this 3rd day of December, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge